UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-61176-CIV-ALTONAGA/Brown

**GANER HUMPHRIES**,

    Plaintiff,
vs.

**INTERNAL REVENUE SERVICE**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court for a hearing on July 29, 2010 on Plaintiff, Ganer Humphries' ("Mr. Humphries[']") Motion for Preliminary Injunction ("Motion") [ECF No. 6], filed July 12, 2010. The Court has carefully considered the parties' written submissions, the testimony of Mr. Humphries, and applicable law.

### I. BACKGROUND

    **A.**    **Plaintiff's Allegations**[1]

Plaintiff filed his one-count Complaint [ECF No. 1] on July 8, 2010. Mr. Humphries sued the Internal Revenue Service ("IRS") seeking injunctive relief due to the IRS' unlawful levy against Mr. Humphries' assets in violation of the Internal Revenue Code. In particular, Mr. Humphries alleges on June 24, 2009 he filed a Form 2848 Power of Attorney and Declaration of Representative ("POA") designating Mitchell Fuerst and Andrew Ittleman as his attorneys in all proceedings before the IRS. On April 8, 2010, a Final Notice of Intent to Levy ("Final Notice") and a Notice of Federal

---

[1] This summary of the allegations is taken from Plaintiff's Complaint.

Case No.  10-61176-CIV-ALTONAGA/Brown

Tax Lien ("Notice of Lien") for the 2005 and 2006 tax years was issued by the IRS to Mr. Humphries.  On April 12, 2010, Mr. Fuerst sent a letter via facsimile to the IRS revenue officer stating he and Mr. Ittleman no longer represented Mr. Humphries.

On May 4, 2010, Mr. Humphries, through Mr. Fuerst, filed a Request for a Collection Due Process Hearing ("Request") with the IRS, protesting the Final Notice and Notice of Lien.  The Form 2848 POA dated June 24, 2009 was attached to the Request.  Pursuant to 26 U.S.C. § 6330(e)(1), if a hearing is requested within 30 days of the date of a Final Notice, levy actions which are the subject of the requested hearing shall be suspended for the period during which such hearing and appeals are pending.  Mr. Humphries timely filed his Request with the IRS, and as such all levy actions were suspended while the hearing and appeals were pending.  In his Request, Mr. Humphries challenged the taxes allegedly owed because he never received statutory notices of deficiency and the IRS failed to account for reasonable expenditures from his business that had previously been disclosed to the IRS in an audit.

After the Request was filed, an IRS revenue officer contacted Mr. Humphries' counsel and stated that because of the April 12 letter, Mr. Fuerst no longer represented Mr. Humphries and the POA was invalid.  The IRS revenue officer informed counsel that because the POA was invalid, the Request was invalid as well.  Mr. Humphries alleges that the resubmission of the POA with the Request showed his attorney had authority to file the May 4, 2010 Request, making it timely filed.  The IRS told Mr. Humphries to file a new POA and Request for the sole purpose of submitting the originally filed Request to the IRS appeals office.  Mr. Humphries complied on June 2, 2010, resubmitting a POA and the May 4, 2010 Request.

Case No. 10-61176-CIV-ALTONAGA/Brown

Nonetheless, the IRS levied on Mr. Humphries' bank accounts and seeks to continue levying on Mr. Humphries' employer in violation of 26 U.S.C. § 6330(e)(1). Consequently, Count One alleges that pursuant to 26 U.S.C. § 6330(e)(1), the beginning of a levy or proceeding during the time the suspension of levy actions pursuant to section 6330(e)(1) is in force may be enjoined by a proper court, and this is a proper court pursuant to 28 U.S.C. § 1346(a)(1). Plaintiff alleges he has no adequate remedy at law, the IRS' levies during the time the Request is pending are unlawful, Plaintiff suffers from Hodgkin's Lymphoma and cannot pay his health insurance premiums or make other necessary payments for his sustenance, and the public interest favors injunctive relief pursuant to section 6330(e)(1). The Complaint seeks an order enjoining the IRS from unlawfully levying on Mr. Humphries' bank accounts or his employer's accounts or any other third party that may owe Mr. Humphries money, and to return all monies unlawfully levied.

**B.     Plaintiff's Motion for Preliminary Injunction**

Mr. Humphries filed the present Motion on July 12, repeating the allegations of his Complaint and attaching additional documents in support. One of those documents is Plaintiff's Declaration [ECF No. 6-1]. In his Declaration Mr. Humphries again states the Request challenged the taxes allegedly owed because he never received statutory notices of deficiency and the IRS failed to account for reasonable business expenditures previously disclosed to the IRS in an audit. Despite Mr. Humphries having timely filed a Request and thereafter having followed the IRS' instructions, the IRS levied on his bank accounts, taking $10,000, and it seeks to continue levying on substantial monies owed to Mr. Humphries by his "employer," Walgreen Co. ("Walgreen's"). Mr. Humphries describes the irreparable harm he will suffer if the IRS is not enjoined: he will not be able to pay

Case No. 10-61176-CIV-ALTONAGA/Brown

outstanding bills and debts, Walgreen's (his biggest account) may terminate its relationship with Mr. Humphries, he is more than 29 days behind on his truck payments, and he suffers from Hodgkin's Lymphoma and cannot pay his health insurance premiums. He attaches his online bank statements for the most recent month, showing negative checking balances and a zero money market account balance because of the levies conducted by the IRS.

At the hearing, Mr. Humphries testified generally to the foregoing facts contained in his Declaration. He further explained that he is a contractor, and Walgreen's is his only client. At present he is doing smaller projects for Walgreen's, barely earning enough to pay his bills. His ex-wife recently loaned him money which he hopes his health insurance provider will accept after several missed payments. He owns no assets and recently sold his watch to have funds to be able to make necessary payments.

## II. DISCUSSION

To be entitled to a preliminary injunction under Rule 65(a), Federal Rules of Civil Procedure, Mr. Humphries, as the moving party, must demonstrate: (1) a substantial likelihood of success on the merits of his claim; (2) he will suffer irreparable injury unless the injunction issues; (3) his threatened injury outweighs whatever damage the proposed injunction may cause the Defendant; and (4) if issued, the injunction will not be adverse to the public interest. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted

Case No. 10-61176-CIV-ALTONAGA/Brown

unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Id.* (internal quotation marks and citations omitted). And where the injunction sought would require altering the status quo, the movant "bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citation omitted).

The last three elements are easily satisfied by Mr. Humphries and warrant only abbreviated discussion. Mr. Humphries has clearly met his burden of persuasion as to the second element by presenting his dire financial circumstances, his serious health condition, and the very real possibility that he will be unable to secure health insurance, make his car payments, and otherwise be self-sustaining if the money is not returned to him.[2] The third element necessary for issuance of a preliminary injunction is closely linked to the irreparable harm that will flow to Mr. Humphries if he does not receive cash quickly, and the obvious absence of harm to the IRS in returning the funds pending completion of the Due Process hearing. Lastly, entry of injunctive relief will not harm the public interest.

Turning, then, to the first element, in his Motion the Plaintiff asserts he will likely prevail in this action because the Request, filed on May 4, 2010, was within 30 days of the Final Notice as required under 26 U.S.C. § 6330(a)(3)(B); notwithstanding the earlier notification that Mr. Fuerst was no longer his attorney, Mr. Humphries authorized Mr. Fuerst to file the Request on that date;

---

[2] "A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176 (internal quotation marks and citations omitted). The claimed irreparable injury "must be neither remote nor speculative, but actual and imminent." *Id.* (internal quotation marks and citations omitted). And "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) (citation omitted); *accord Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991). Under these standards, Mr. Humphries clearly shows his injury is actual and imminent, and a damages award coming too late may not remedy the loss of insurance coverage to a sick man who cannot easily find a replacement policy.

Case No. 10-61176-CIV-ALTONAGA/Brown

and section 6330(e)(1) authorizes the Court to grant a taxpayer injunctive relief where the IRS levies on taxpayer property during the time of suspension while a request is pending. (*See* Mot. 5). In the alternative, in his Reply [ECF No. 12], Mr. Humphries states if the Request is considered invalid (because the attached POA was invalid) or untimely, as the IRS maintains it was, his second Request filed on June 2, 2010 meets the 15-day perfection window contained in the Internal Revenue Manual ("I.R.M."), thus curing any defect in the first Request. (*See id.* 3). In any event, Mr. Humphries states he is alternatively entitled to injunctive relief and a refund pursuant to 26 U.S.C. § 6213 due to the IRS' failure to issue Notices of Deficiency for the 2005 and 2006 tax years prior to assessing a tax. (*See id.*).

  In its Opposition [ECF No. 11] filed prior to the July 29 hearing, the Government restated the pertinent facts as follows. The IRS sent the Plaintiff and his attorneys the Final Notice for the 2005 and 2006 tax years after Mr. Humphries failed to file tax returns or pay taxes for those years and the IRS assessed over $400,000 in taxes. Three weeks after Mr. Fuerst notified the IRS he no longer represented the Plaintiff, he nonetheless sent the IRS the Request for a Collection Due Process hearing on behalf of the Plaintiff, attaching the previously withdrawn POA to the Request. Consequently, the IRS notified Mr. Fuerst the Request was invalid on May 21, 2010. On June 7, 2010 the IRS issued notices of levy to Bank of America and Walgreen's and collected $10,000 from the Bank. Thereafter, Plaintiff submitted his second Request on June 15, 2010, but because the second one was untimely, the IRS granted Plaintiff an equivalent hearing with the IRS appeals office that is similar to a Collection Due Process hearing, except that collection is not suspended during the pendency of that similar proceeding.

Case No. 10-61176-CIV-ALTONAGA/Brown

As a result of the foregoing view of the facts, and without benefit of the Plaintiff's arguments contained in his Reply concerning the applicability of section 6213, the Government raised several arguments in opposition to Mr. Humphries' request for injunctive relief. First, the Government asserted Plaintiff's request for an order enjoining further levies is moot as the one-time levies have been honored by Bank of America and Walgreen's, and the IRS has not issued any new levies with respect to the Plaintiff. Next, the Government asserted section 6330(e)(1), which suspends levy actions following a timely request for a Collection Due Process hearing, does not apply because the Plaintiff's first Request was invalid and his second Request was untimely. The equivalent hearing granted the Plaintiff does not suspend levy actions during its pendency under the I.R.M. The Government argued any request for an injunction outside of section 6330(e)(1) is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the limited exceptions to the Act are not satisfied here. With respect to Plaintiff's request for a return of the funds already levied, the Government asserted the request is really a substantive request for a refund, and Plaintiff has failed to show the United States has waived its sovereign immunity for this action, nor does he satisfy preconditions to a suit against the United States for a refund, or for an action for damages under 26 U.S.C. § 7433 for unauthorized collection activities, if this suit were deemed to be one.

Because the Plaintiff's Reply raised new issues concerning the availability of an order allowing for the return of the funds under section 6213, the Government was permitted to file a Sur-Reply, which it has done. (*See* [ECF No. 14]). In the Sur-Reply, the Government unequivocally states the IRS did in fact send Notices of Deficiency for the 2005 and 2006 tax years by certified mail to the Plaintiff's last known address, 15751 Sheridan Street, Apartment 211, Ft. Lauderdale, Florida,

7

Case No. 10-61176-CIV-ALTONAGA/Brown

33331.[3] Those deficiencies were assessed in March 2009, more than 90 days after the Notices of Deficiency were mailed. The Government thus asserts that section 6213(a), which allows a taxpayer to seek injunctive relief where levy activities are begun before notices of deficiency are mailed or within 90 days after mailing, does not apply, and the Anti-Injunction Act bars the Court from enjoining the collection of Mr. Humphries' taxes.

Two discrete requests are made in the Motion: one is for a preliminary injunction enjoining future levies and the other is for a refund of the $10,000 taken from the Bank of America account. As to the first, the Plaintiff relies on 26 U.S.C. § 6330(e)(1).[4] Under section 6330(b)(1), a taxpayer is entitled to a Collection Due Process hearing if a request is submitted within 30 days from the date of the IRS' notice of intent to levy, and under section 6330(e)(1), a court may enjoin levy proceedings that proceed notwithstanding a timely request for a Collection Due Process hearing. The Court agrees the first Request was invalid as it was accompanied by a revoked POA. And while the Government is factually incorrect that Mr. Humphries' second Request was submitted on June 15, as it was submitted on June 2, 2010, nevertheless the second Request was late under the statute. The IRS sent Plaintiff the Final Notice on April 8, 2010 and June 2 is beyond the statutory period.

While not agreeing his first Request was invalid, the Plaintiff relies on the I.R.M. to argue

---

[3] Mr. Fuerst's Form 2848 POA of June 2009 also listed the same address for the Plaintiff.

[4] Under section 6330(e)(1),

if a hearing is requested . . . the levy actions . . . shall be suspended for the period during which such hearing, and appeals therein, are pending. . . . Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court.

8

Case No. 10-61176-CIV-ALTONAGA/Brown

his second Request was timely and he is entitled to an injunction of future levy proceedings. Specifically, pursuant to I.R.M. 5.19.8.4.2.2 (11-01-2007),

1. In some cases Forms 12153 or other written requests are timely filed but must be made processable. An unprocessable CDP request is a request:

   . . .

   C. signed, but signer does not have authorization (no POA on file)

   . . . .

2. If a request for a CDP hearing is filed timely, but is not processable, [the IRS is to] contact the taxpayer and allow up to <u>15 calendar days</u> for the taxpayer to perfect the request so that it is processable. If the taxpayer meets this requirement, the request is timely filed.

The IRS contacted Mr. Fuerst on May 13 and again on May 21, 2010. The second Request dated June 2 was therefore timely filed under the I.R.M. But while the I.R.M. would appear to cure the defect in Mr. Humphries' second Request, the Government argues the I.R.M. governs the internal affairs of the IRS and does not have the force and effect of law. (*See* Sur-Reply 6-7 (citing *Einhorn v. DeWitt*, 618 F.2d 347, 349-50 (5th Cir. 1980); *United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983) ("The assessment made against the defendant complied with all relevant statutes and regulations. Whether or not [the IRS] also complied with the rules contained in the Internal Revenue Manual has no bearing on its validity. The provisions in the Manual are not codified in the Code of Federal Regulations.") (citations omitted))).

The Court does not resolve on the present record and with the limited briefing provided what effect the I.R.M.'s operation has on the timeliness of Mr. Humphries' second Request. The IRS indicates it has not issued any new levies, and it does not intend to do so at present. Consequently,

Case No. 10-61176-CIV-ALTONAGA/Brown

it appears the entry of a preliminary injunction directing the IRS not to do that which it has no intention of doing is not necessary.

Turning then to the question of whether Mr. Humphries is entitled to a refund of the $10,000 from the Bank of America account, the very nature of the request for a refund indicates the Motion is not moot, contrary to the Government's argument. Nor is this action or the Motion barred by the Defendant's sovereign immunity if the Government's waiver of that immunity has occurred under facts satisfying section 6213. But section 6213 does not apply to afford relief to Mr. Humphries. The facts now show the IRS properly mailed Notices of Deficiency for the 2005 and 2006 tax years to Mr. Humphries' last known address, as it was required to do under sections 6212(a) and (b). Pursuant to 26 U.S.C. § 6213(a),

> Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . *[N]o assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer*, nor until the expiration of such 90-day . . . period, . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. . . .

(emphasis added). And, "actual receipt of a notice of deficiency is not required if mailed to the taxpayer's last known address." *United States v. Goldston*, 324 F. App'x 835, 838 (11th Cir. 2009); *see also Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) ("The only requirement is that the IRS send the notice of deficiency by certified or registered mail to the taxpayer's last known address;

10

Case No. 10-61176-CIV-ALTONAGA/Brown

actual receipt of the notice is not necessary.") (citations omitted).  Because the Government complied with the requirements of sections 6212(a) and (b), and did not violate section 6213(a) by instituting levy proceedings until after the Final Notice had been mailed, injunctive relief consisting of a refund of the money collected is not available to Mr. Humphries.

### III. CONCLUSION

Because the Plaintiff does not satisfy all four prerequisites for the issuance of a preliminary injunction, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction **[ECF No. 6]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record